UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TODD MATTHEW SONDEY,

       Petitioner,

          v.

HUGH WOLFENBARGER,

       Respondent.

_____/

CASE NO. 05-CV-71831-DT
JUDGE VICTORIA A. ROBERTS
MAGISTRATE JUDGE PAUL KOMIVES

## REPORT AND RECOMMENDATION ON PETITIONER'S MOTION TO DISMISS CLAIMS II & III AND TO STAY PENDING EXHAUSTION

I.    RECOMMENDATION: The Court should grant in part and deny in part petitioner's motion to dismiss and to stay proceedings. Specifically, the Court should grant petitioner's request for a stay and hold the claims in abeyance pending petitioner's exhaustion of his ineffective assistance of counsel claims, provided that petitioner files his claims in state court within 30 days of the Court's order and seeks a lifting of the stay within 30 days of the final state court decision on his claims. The Court should deny petitioner's request to dismiss Claims II and III because, in light of the Court's stay of the proceedings, such a dismissal is not necessary to protect petitioner's right to an adjudication on any of his claims.

II.    REPORT:

A.    *Procedural Background*

       Petitioner Todd Matthew Sondey filed an application for the writ of habeas corpus on May 10, 2005, challenging his 2002 state court convictions for second degree murder, operating a motor vehicle under the influence causing death, operating under the influence third offense, and driving on a suspended or revoked license causing death. In support of his application, petitioner raises three

claims that were presented to the state courts: (1) insufficient evidence; (2) prosecutorial misconduct; and (3) improper jury instructions. On March 27, 2006, I filed a Report recommending that the Court deny petitioner's application. Specifically, I recommended that the Court conclude that petitioner's insufficient evidence claim is without merit, and that his other two claims are barred by petitioner's procedural default in the state courts. With respect to the procedurally defaulted claims, I further concluded that petitioner could not use counsel's alleged ineffectiveness to establish cause to excuse the default because those claims of ineffective assistance of counsel had not themselves been exhausted in the state courts.

On May 18, 2006, in response to my Report, petitioner filed this motion to dismiss and to stay. Petitioner asks the Court to dismiss his procedurally defaulted claims to protect his ability to proceed on the non-defaulted insufficient evidence claim. Petitioner also asks the Court to hold the petition in abeyance pending his exhaustion of the ineffective assistance of counsel claims in state court, after which he presumably will seek to reinstate his defaulted claims. Respondent has not filed a response to this motion. For the reasons that follow, the Court should grant petitioner's request for a stay and hold the petition in abeyance pending petitioner's exhaustion of his ineffective assistance of counsel claims. Because petitioner's ability to obtain a ruling on all of his claims is not prejudiced by their continued presence, the Court should decline to dismiss Claims II and III.

B.    *Analysis*

At the outset, the Court may grant petitioner's motion based on respondent's failure to file a response. Respondent has failed to file a response to petitioner's motion, although his time for doing so has now expired. *See* E.D. Mich. LR 7.1(d). Because a response has not been filed, the motion is deemed unopposed, *see* E.D. Mich. LR 7.1(b) (emphasis added) ("A respondent opposing a motion *must* file a response, including a brief and supporting documents then available."), and may

be granted on that basis.  *See Brobson v. Borough of New Hope*, No. 00-0003, 2000 WL 1738669, at *7 (E.D. Pa. Nov. 22, 2000); *Earl's Offset Sales & Serv. Co., Inc. v. Bekins/EDC, Inc.*, 903 F. Supp. 1148, 1149 (S.D. Tex. 1995).

Nevertheless, the Court should also conclude that petitioner is entitled to the relief he seeks on the merits.  In *Rhines v. Weber*, 544 U.S. 269 (2005), the Court considered the intersection of the total exhaustion rule–which requires a court to dismiss a mixed petition containing exhausted and unexhausted claims–and the habeas statute's one year limitations period, which does not toll the time spent pursuing an unexhausted claim in federal court.  Recognizing "the gravity of this problem and the difficulty it has posed for petitioners and federal district courts alike," *id*. at 275, the Court approved, at least in some circumstances, the lower courts' use of the so-called "stay and abeyance" procedure.  "Under this procedure, rather than dismiss the mixed petition . . . a district court might stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims.  Once the petitioner exhausts his state remedies, the district court will lift the stay and allow the petitioner to proceed in federal court."  *Id*. at 275-76.[1]

---

[1]*Rhines* in particular, and the stay-and-abeyance procedure in general, usually concerns a mixed petition–that is, one containing exhausted and unexhausted claims.  Here, petitioner's habeas application is technically not a mixed petition, because each of his claims for relief has been exhausted.  Rather, petitioner has asserted separate claims of ineffective assistance of counsel solely as cause to excuse his procedural default.  I have found no cases addressing the propriety of the stay-and-abeyance procedure in such a case, although at least one court prior to *Rhines* had entered a stay to permit exhaustion of an ineffective assistance of counsel claim asserted as cause.  *See Cameron v. New York*, No. 01 Civ. 9988, 2002 WL 31898076, at *8-*9 (S.D.N.Y. Dec. 30, 2002).  Nevertheless, *Rhines* adopts a flexible test which is applicable here.  As the Court explained, the purpose of the stay-and-abeyance procedure is to prevent the complex exhaustion, procedural default, and statute of limitations rules applicable to habeas petitions from "unreasonably impair[ing] the petitioner's right to obtain federal relief."  *Rhines*, 544 U.S. at 278; *see also*, *Rose v. Lundy*, 455 U.S. 509, 522 (1982).  Precluding the stay-and-abeyance procedure here would unreasonably impair petitioner's right to fully adjudicate his claims no less than if his petition were a true mixed petition.

Balancing the interests served by the habeas statute's finality and timeliness requirements against the petitioner's interest in having his claims adjudicated in a federal habeas proceeding, the Court concluded that stay-and-abeyance is permissible, but "should be available only in limited circumstances." *Id.* at 277. Specifically, stay-and-abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims in state court." *Id.* Further, even where good cause is present, the court should not grant a stay where the unexhausted claims are plainly meritless. *See id.* Additionally, "if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all." *Id.* at 278. Thus, a district court should ask three questions in deciding whether to stay a mixed petition: (1) is there a lack of good cause for the failure to exhaust?; (2) are the unexhausted claims plainly meritless?; and (3) has the petitioner engaged in abusive or dilatory litigation tactics? If any of these questions is answered in the affirmative, the court should not stay the habeas proceedings.

Here, there is no indication that petitioner has engaged in abusive or dilatory litigation tactics. Further, although not commenting on their ultimate merit, petitioner's ineffective assistance of counsel claims are not plainly meritless on their face. That leaves only the question of good cause. Unfortunately, "[t]he Supreme Court did not define 'good cause' in *Rhines*, and no Circuit Court of Appeals has yet opined on its meaning." *Brown v. Ebert*, No. 05 Civ. 5579, 2006 WL 1273830, at *2 (S.D.N.Y. May 9, 2006) (internal quotation omitted). Nevertheless, some contours have emerged from the Supreme Court and the Ninth Circuit. In *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the Court noted in discussing a statute of limitations issue that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court." *Id.* at 416. Second, in *Jackson v. Roe*, 425 F.3d 654 (9th Cir. 2005), the Ninth Circuit rejected the district court's equation of "good cause" with the "extraordinary

4

circumstances" test applied under section 10(e) of the National Labor Relations Act.  *See id.* at 662.  The court concluded that the "good cause" test was not as stringent as the "extraordinary circumstances" test, but provided no further guidance on the issue.  *See id.*

Faced with this dearth of authority, the district courts have adopted a number of different tests to determine whether "good cause" has been shown.  A number of courts "have analogized the 'good cause' standard with the showing of 'cause' required to overcome a procedural bar."  *Fernandez v. Artuz*, No. 00 Civ. 7601, 2006 WL 121943, at * (S.D.N.Y. Jan. 18, 2006) (citing cases).  Such a view of the "good cause" requirement, however, is at odds with the Court's later recognition in *Pace* that a mere "reasonable confusion" about filing requirements ordinarily constitutes good cause because such reasonable confusion or ignorance of the law generally does *not* constitute the type of cause sufficient to excuse a procedural default.  *See, e.g.*, *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004); *Vasquez v. Lockhart*, 867 F.2d 1056, 1058 (8th Cir. 1988).  Thus, *Pace* "suggest[s] a more expansive definition of 'good cause' . . . than the showing needed for 'cause' to excuse a procedural default."  *Rhines v. Weber*, 408 F. Supp. 2d 844, 849 (D.S.D. 2005) (on remand from Court's decision in *Rhines*).

Beyond noting that good cause under *Rhines* is something less than the "cause" needed to excuse a procedural default, the Court need not definitively resolve this question because petitioner's situation is akin to the situation discussed by the Court in *Pace*.  Here, there is no evidence that petitioner's failure to exhaust his ineffective assistance of counsel claims–which are not here presented as independent claims–stemmed from anything other than "reasonable confusion" arising from the intricacies of habeas jurisprudence's procedural rules and the uncertainty surrounding many of those rules arising from the enactment of the AEDPA.  Petitioner's failure to exhaust, in other words, arises from "the procedural complexities confronting a prisoner who endeavors to exercise his

statutory right to challenge a state court conviction by means of a petition to a federal district court for a writ of habeas corpus." *Zarvela v. Artuz*, 254 F.3d 374, 378 (2d Cir. 2001). Petitioner's "reasonable confusion," *Pace*, 544 U.S. at 416, is sufficient to constitute "good cause" for a stay of the proceedings while petitioner exhausts his ineffective assistance of counsel claims. *See Rhines*, 544 U.S. at 279 (Stevens, J., concurring) (quoting *Rose v. Lundy*, 455 U.S. 509, 520 (1982) (explaining that the Court's "good cause" standard "is not intended to impose the sort of strict and inflexible requirement that would 'trap the unwary *pro se* prisoner.'").

Thus, the Court should grant petitioner's request for a stay of the proceedings so that he may exhaust the ineffective assistance of counsel claims which he asserts here as cause to overcome his procedural default. In doing so, however, the Court's "discretion in structuring the stay is limited by the timeliness concerns reflected in AEDPA." *Rhines*, 544 U.S. at 277. Thus, the Court must "place reasonable time limits on . . . petitioner's trip to state court and back." *Id*. at 278. In pre-*Rhines* cases the Sixth Circuit, adopting the Second Circuit's approach in *Zarvela v. Artuz*, 254 F.3d 374 (2d Cir. 2001), explained that "[w]hen a district court elects to stay a petition, 'it should explicitly condition the stay on the prisoner's pursuing state court remedies within a brief interval, normally 30 days, after the stay is entered and returning to federal court within a similarly brief interval, normally 30 days after state court exhaustion is completed.'" *Hargrove v. Brigano*, 300 F.3d 717, 720-21 (6th Cir. 2002) (quoting *Zarvela*, 254 F.3d at 381); *see also*, *Godbolt v. Russell*, 82 Fed. Appx. 447, 452 (6th Cir. 2003); *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). This approach is consistent with the command of *Rhines*. *See Rhines*, 544 U.S. at 278 (citing with approval the Second Circuit's approach in *Zarvela*). Accordingly, the Court should grant petitioner's request for a stay, conditioned on his filing a motion for relief from judgment in the state court within 30 days of the Court's order entering the stay, and on his seeking a lifting of the stay within 30 days of exhausting the state court

6

appeals process.

Finally, the Court should deny petitioner's request to dismiss Claims II and III from the petition, because such a dismissal is unnecessary. Petitioner's request is based on his assumption that the procedural default finding on these claims will preclude consideration of his insufficient evidence claim. This assumption is not accurate, however. Although petitioner's ineffective assistance claims are unexhausted, he does not assert those claims as a substantive basis for habeas relief. His substantive claims are exhausted, and his failure to exhaust the claims he asserts as cause for his procedural default on Claims II and III does not render his petition a "mixed petition" which would preclude consideration of his non-defaulted claim. Further, petitioner's concerns are rendered moot by this Court's entry of stay so that he can exhaust his ineffective assistance of counsel claims. Because retention of Claims II and III will not in any way hinder the Court's resolution of either those claims or petitioner's non-defaulted insufficient evidence claim, the Court need not dismiss these claims.

C.      *Conclusion*

In view of the foregoing, the Court should grant in part and deny in part petitioner's motion to dismiss Claims II and III and to stay the petition. Specifically, the Court should grant petitioner's request for a stay, conditioned on petitioner's (1) commencing state court proceedings on his unexhausted ineffective assistance claims within 30 days of the Court's order entering a stay, and (2) returning to this Court and seeking a lifting of the stay within 30 days of the conclusion of the state court proceedings. The Court should deny as unnecessary petitioner's request to dismiss Claims II and III.

III.      <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>:

The parties to this action may object to and seek review of this Report and Recommendation,

but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C.

§ 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of

any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health &*

*Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Filing of objections which raise some issues but fail to raise others with specificity, will not preserve

all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of*

*Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers*

*Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any

objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing

party may file a response.  The response shall be not more than five (5) pages in length unless by

motion and order such page limit is extended by the Court.  The response shall address specifically,

and in the same order raised, each issue contained within the objections.

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: 6/28/06

The undersigned certifies that a copy of the foregoing
order was served on the attorneys of record by electronic
means or U.S. Mail on June 28, 2006.

s/Eddrey Butts
Case Manager