UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TODD M. SONDEY,

       Petitioner,

v.                                          Case No. 05-71831
                                          Hon. Victoria A. Roberts

HUGH WOLFENBARGER,

       Respondent.
_____

## ORDER

**I.    INTRODUCTION**

This matter is before the Court on Petitioner's:  (1) Petition for habeas corpus relief pursuant to 28 USC §2254 (Doc. #1); and, (2) Motion to dismiss claims II and III and to stay pending exhaustion (Doc. #24).

The Court **ADOPTS** the Report and Recommendation regarding Petitioner's Motion to dismiss claims II and III and to stay pending exhaustion (Doc. #29), with slight modification regarding the time to exhaust.

For the following reasons, the Petitioner's Motion is **GRANTED** in part, and **DENIED** in part.  The Court will:  **STAY** the proceedings pending exhaustion and hold the Petition in abeyance, but will not dismiss claims II and III.

The Report and Recommendation regarding Petitioner's Petition for habeas corpus relief (Doc. #21) is **MOOT** because the Petition is held in abeyance.

1

## II.    BACKGROUND

On April 30, 2002, Petitioner was convicted on several charges stemming from a drunk driving accident.  The most serious conviction was for second degree murder under MCL §750.317.

Around midnight on September 20, 2001, Petitioner lost control of his car while traveling eastbound over a hill.  He struck a motorist in the westbound lane.  The motorist, Amanda Hale ("Hale"), died from her injuries.  Prior to the accident, as Petitioner passed two semi-trucks in a no passing zone, he was spotted by Spring Arbor officer, Brian Harmison.  Officer Harmison estimated Petitioner's car was going 80 mph. The truck drivers testified he was going between 55 and 60 mph.  Officer Harmison attempted to follow Petitioner and claimed he drove over 100 mph to catch up.  Officer Harmison lost sight of Petitioner as he went over the hill.  As Officer Harmison crossed the hill, he saw that an accident had taken place.

Officers and accident reconstruction experts were called to the scene.  Petitioner was taken to the hospital.  He had a blood alcohol level of .16.  Accident reconstruction experts opine that Petitioner went off the road onto the eastbound gravel shoulder, then he "fishtailed" and slid sideways returning to the road.  When he returned to the road he slid across the eastbound lane into the westbound lane and onto the shoulder.  Hale, traveling westbound, swerved to the right to avoid being hit and crashed head on into the passenger side of Petitioner's car.  The accident reconstruction experts estimate Petitioner was traveling 74 mph when he lost control of the car and 46 mph when he collided with Hale.

Petitioner was charged with four counts: (1) second degree murder; (2) operating

2

under the influence of intoxicating liquor, causing death; (3) operating under the influence of intoxicating liquor, per se; and, (4) operating while license revoked causing death.  After a jury trial beginning April 29, 2002, Petitioner was found guilty on all counts.  The most serious sentence he received was life in prison for second degree murder.  On appeal, the Michigan Court of Appeals vacated counts 2 and 4.  The Michigan Supreme Court denied Petitioner's application for leave to appeal.

On May 10, 2005, Petitioner filed a petition for writ of habeas corpus.  He alleged three grounds: (1) the prosecution failed to produce sufficient evidence for a conviction on second degree murder; (2) prosecutorial misconduct based on comments made during closing argument; and (3) erroneous jury instructions.

On March 27, 2006, Magistrate Judge Paul Komives issued a Report and Recommendation ("R&R") recommending that the Court deny Petitioner's petition because: (1) the court of appeals application of the law was reasonable as to ground one, and (2) grounds two and three are procedurally defaulted.  However, Magistrate Komives noted that although grounds two and three are procedurally defaulted, the Court may still review them if Petitioner can demonstrate cause for the default and that he was prejudiced by the default.

In response to the original R&R, Petitioner filed a Motion to dismiss grounds two and three and hold ground one in abeyance while he exhausts a claim for ineffective assistance of counsel in state court.  He asserts ineffective assistance of trial and appellate counsel as his cause for the default because they failed to raise the issues addressed in claims II and III in state court.  Because ineffective assistance of counsel is itself a constitutional claim, that claim must be exhausted in state court.

3

Petitioner also filed objections to the original R&R on May 22, 2006 requesting the same relief.  The government did not respond to Petitioner's Motion or objections.

On June 28, 2006, Magistrate Komives issued a second R&R addressing Petitioner's Motion to stay proceedings pending exhaustion.  He recommended that the Court grant the stay and allow Petitioner time to exhaust his claim.  However, he recommended that the Court deny Petitioner's request to dismiss claims II and III, since it is not necessary to protect Petitioner's right to an adjudication on any of his claims.

## III.    APPLICABLE LAW AND ANALYSIS

Because its resolution is determinative, the Court first addresses Petitioner's Motion to stay proceedings pending exhaustion.

District courts should grant a stay and abeyance to allow a habeas petitioner to exhaust his claims in state court, subject to reasonable time limits, where: (1) there is good cause for the failure to exhaust; (2) the unexhausted claim is not plainly meritless; and, (3) the petitioner has not engaged in dilatory tactics.  *Rhines v. Weber*, 544 U.S. 269, 277-278 (2005).

In this case, all of the claims currently identified in Petitioner's Petition are exhausted.  However, two of those claims are procedurally defaulted.  In order to obtain review despite the default, Petitioner relies on ineffective assistance of counsel. Petitioner did not raise an ineffective assistance of counsel claim in his Petition or in state court proceedings, therefore, that claim is unexhausted.  *Edwards v. Carpenter*, 529 U.S. 446, 551-552 (2000).  Petitioner does not seek a stay so that he may exhaust an unexhausted claim; he seeks a stay so that he may exhaust a new claim in order to avoid the procedural bar to his exhausted claims.

4

Although not binding on this Court, this exact situation was recently addressed in two district court cases. See *Wilder v. Trombley*, 2006 WL 1007902 (E.D. Mich. 2006) and *James v. McKee*, 2006 WL 1284903 (E.D. Mich. 2006).  Both courts relied on *Rhines, supra*, and held that a stay was appropriate.

While no Circuit court provides a definition of "good cause" for purposes of obtaining a stay of a habeas petition pending exhaustion, in this case Petitioner's claim is for ineffective assistance of counsel.  "[C]ounsel cannot be expected to raise his own ineffectiveness on appeal..."  *Combs v. Coyle*, 205 F.3d 269, 276 (6th Cir. 2000).  The Court finds that Petitioner had good cause for failing to raise his claim of ineffective assistance of counsel in state court.  Further, the Court finds that Petitioner's claims are not plainly meritless and he did not employ dilatory tactics.

Accordingly, the Court stays the proceedings provided that: (1) Petitioner presents his unexhausted claim to the state court within sixty days from the date of the Court's Order, and (2) Petitioner returns to this Court to request that the stay be lifted within sixty days of the final state court decision on his claim.

Lastly, although Petitioner requests that the Court dismiss grounds two and three of his petition, it is not necessary at this juncture, for the reasons stated by the Magistrate Judge.

## IV.    CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the second Report and Recommendation regarding Petitioner's Motion to dismiss claims II and III and to stay pending exhaustion, with slight modification regarding the time to exhaust.

5

Accordingly, the Petitioner's Motion is **GRANTED** in part, and **DENIED** in part. The Court will: **STAY** the proceedings pending exhaustion and hold the Petition in abeyance, but will not dismiss claims II and III.

The original Report and Recommendation regarding Petitioner's Petition for habeas corpus relief is **MOOT**.

**IT IS SO ORDERED.**

<u>**s/Victoria A. Roberts**</u>
**Victoria A. Roberts**
**United States District Judge**

**Dated:  July 25, 2006**

---

**The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on July 25, 2006.**

**s/Linda Vertriest**
**Deputy Clerk**

---