UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TODD MATTHEW SONDEY,

        Petitioner,        CASE NUMBER: 05-71831
                                       HONORABLE VICTORIA A. ROBERTS

v.

JEFF WHITE,

        Respondent.
_____/

**ORDER DENYING PETITIONER'S
MOTION FOR RECONSIDERATION**

On November 18, 2009, Magistrate Judge Paul J. Komives submitted a Report and Recommendation (Doc. #39) recommending the Court DENY Petitioner's application for the writ of habeas corpus.  (Doc. #1).  Petitioner objected.

On December 9, 2009, the Court adopted the Magistrate Judge's Report and Recommendation ("R&R"), and denied Petitioner's application for the writ of habeas corpus.  The Court found Petitioner's objections were too general for consideration.

Before the Court is Petitioner's Motion for Reconsideration.  (Doc. #43). Petitioner requests another trial or evidentiary hearing for two reasons: (1) the issues Judge Edward J. Grant of the Jackson County Circuit Court ordered to be presented were not addressed; and (2) the Magistrate Judge did not mention three issues in his R&R:

"I.    THE PROSECUTION FAILED TO PRODUCE SUFFICIENT EVIDENCE AT TRIAL TO SUSTAIN A JURY VERDICT OF GUILTY BEYOND A REASONABLE DOUBT OF SECOND DEGREE MURDER WHERE THE DEFENDANT'S STATE OF MIND OR ACTIONS DID NOT CONSTITUTE MALICE.

1

II. DEFENDANT WAS DENIED HIS RIGHT TO A FAIR TRIAL BY THE INTENTIONAL PROSECUTORIAL MISCONDUCT IN HIS IMPROPER AND HIGHLY PREJUDICIAL ARGUMENT TO THE JURY WHEN HE: VOUCHED FOR THE CREDIBILITY OF HIS WITNESSES, BOLSTERED THE VALIDITY OF HIS CASE: DENIGRATED THE DEFENDANT, HIS DEFENSE; ARGUED FACTS NOT IN EVIDENCE; MISCHARACTERIZED THE EVIDENCE; ARGUED CIVIC DUTY AND SYMPATHY FOR THE VICTIM AS A BASIS TO CONVICT; MISREPRESENTED THE APPLICABLE LAW AND SHIFTED THE BURDEN OF PROOF TO THE DEFENDANT.

III. THE TRIAL COURTS FINAL INSTRUCTIONS FAILED IN THEIR INTENDED PURPOSE TO FULLY PRESENT THE CASE AND BASIC AND CONTROLLING ISSUES TO THE JURY IN AN UNDERSTANDABLE MANNER."

Eastern District of Michigan Local Rule 7.1(g)(3) provides for reconsideration if the movant demonstrates a palpable defect by which the court and the parties have been misled, and further demonstrates that correcting the defect will result in a different disposition of the case. "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Fleck v. Titan Tire Corp.*, 177 F.Supp.2d 605, 624 (E.D. Mich. 2001).

The Court's Order dated December 9, 2009 does not suffer a palpable defect. Petitioner does not specify the issues he says Judge Grant ordered to be presented, and the Magistrate Judge addressed the three issues he says were excluded from the R&R. The Magistrate Judge said: (1) there was sufficient evidence presented from which the jury could infer that petitioner acted with malice aforethought sufficient to constitute second degree murder; (2) the Court should conclude that petitioner's challenges to the prosecutor's comments at trial, and the trial court's instructions to the jury are procedurally defaulted, or meritless; and (3) the Court should conclude that the jury instructions were adequate and properly explained to the jury the mental states required to convict the petitioner.

Petitioner's motion is **DENIED**.

**IT IS ORDERED**.

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: January 13, 2010

The undersigned certifies that a copy of this document was served on the attorneys of record and Todd Sondey by electronic means or U.S. Mail on January 13, 2010.

s/Linda Vertriest
Deputy Clerk